# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____, Petitioner,
Full Name (under which you were convicted)


_____
Prisoner Number


_____
Place of Confinement

vs.

Docket No. _____
(to be supplied by Clerk)

_____, Respondent.
Authorized Person Having Custody of Petitioner


## PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254
## BY A PERSON IN STATE CUSTODY


Caution:  THIS IS NOT THE FORM TO BE USED, IF YOU CLAIM THAT YOUR FEDERAL SENTENCE OR CONVICTION IS UNLAWFUL, OR IF YOU ARE A PRETRIAL DETAINEE CHALLENGING YOUR PRECONVICTION CUSTODY, A FEDERAL PRISONER CHALLENGING THE EXECUTION OF YOUR SENTENCE OR AN ACTION TAKEN BY THE BUREAU OF PRISONS, OR A PERSON IN CUSTODY CHALLENGING AN IMMIGRATION-RELATED ORDER.

# I. SUBJECT OF THIS PETITION

A. Name and location of the state court that entered the judgment of conviction which you are challenging

_____

_____

_____

B. Criminal docket or case number _____

C. Date of the judgment of conviction _____

D. Date of sentencing _____

E. Length of sentence _____

F. In this case, were you convicted on more than one count or of more than one crime?

    G Yes        G No

G. Identify all crimes of which you were convicted and sentenced in this case

_____

_____

_____

_____

H. What was your plea? (Check one)

    G Not guilty      G Guilty      G Insanity plea      G Nolo contendere (no contest)

If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

_____

_____

_____

_____

I. If you went to trial, what kind of trial did you have? (Check one)

    G Jury        G Judge only

SUBJECT OF THIS PETITION - continued

    J.  Did you testify at a pretrial hearing, trial, or a post-trial hearing?

        G Yes      G No

        If yes, state the type(s) of hearing or proceeding

_____

II.  DIRECT STATE APPEAL OF CONVICTION

    A.  Did you appeal from the judgment of conviction?

        G Yes      G No

        If yes, attach the decision(s) that resolved your appeal and answer the following questions:

        1.  Date of filing appeal _____

        2.  Grounds raised _____

            _____

            _____

            _____

        3.  Result _____

        4.  Date _____

    B.  Did you seek further review by the highest state court?

        G Yes      G No

        If yes, attach the decision(s) that resolved your petition for review and answer the following questions:

        1.  Date of filing of petition for review _____

        2.  Grounds raised _____

            _____

            _____

            _____

        3.  Result _____

        4.  Date _____

C. Did you file a petition for certiorari in the United States Supreme Court?

　　　G Yes　　　G No

If yes, attach the decision(s) that resolved your petition for certiorari and answer the following questions:

1. Date of filing petition for certiorari _____

2. Grounds raised _____

　　　_____

　　　_____

3. Result _____

4. Date _____

III. STATE POST-CONVICTION RELIEF OTHER THAN DIRECT APPEAL

A. Other than the appeals listed above in Section II, have you previously filed any other state petitions, applications, or motions concerning this state judgment of conviction?

　　　G Yes　　　G No

If yes, attach the decision(s) that resolved your application for state post-conviction relief and answer the following questions:

1. Name of court _____

2. Docket or case number _____

3. Date of filing _____

4. Type of petition, application, or motion filed _____

5. Grounds raised _____

　　　_____

　　　_____

6. Did you receive a hearing where evidence was given on your petition, application, or motion?

　　　G Yes　　　G No

7. Result _____

STATE POST-CONVICTION RELIEF OTHER THAN DIRECT APPEAL- continued

    8. Date _____

    9. Did you appeal to the highest state court having jurisdiction over the action taken on your first state petition, application, or motion?

        G Yes      G No

B.  If you filed a second petition, application, or motion, attach the decision and answer the following questions:

    1. Name of court _____

    2. Docket or case number _____

    3. Date of filing _____

    4. Type of petition, application, or motion filed _____

    5. Grounds raised _____

    _____

    _____

    6. Did you receive a hearing where evidence was given on your petition, application, or motion?

        G Yes      G No

    7. Result _____

    8. Date _____

    9. Did you appeal to the highest state court having jurisdiction over the action taken on your second state petition, application, or motion?

        G Yes      G No

    _____

    _____

C.  If you filed a third petition, application, or motion, attach the decision and answer the following questions:

    1. Name of court _____

    2. Docket or case number _____

    3. Date of filing _____

<u>STATE POST-CONVICTION RELIEF OTHER THAN DIRECT APPEAL-</u> continued

4. Type of petition, application or motion filed _____

5. Grounds raised _____

_____

_____

6. Did you receive a hearing where evidence was given on your petition, application, or motion?

G Yes     G No

7. Result _____

8. Date _____

9. Did you appeal to the highest state court having jurisdiction over the action taken on your third state petition, application, or motion?

G Yes     G No

IV. <u>GROUNDS FOR RELIEF</u>

For this petition, state every ground supporting your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. <u>If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

CAUTION: <u>To proceed in the federal court, you must ordinarily first exhaust</u> (use up) <u>your available state-court remedies on each ground on which you request action by the federal court.</u>

Ground One_____

_____

_____

Supporting FACTS (Briefly summarize the facts without citing cases or law.)

_____

_____

_____

_____

GROUNDS FOR RELIEF - <u>continued</u>

_____

_____

_____

_____

_____

_____

_____

_____

If you did not exhaust your state remedies on Ground One, explain why.

_____

_____

_____

Ground Two_____

_____

_____

Supporting FACTS (Briefly summarize the facts without citing cases or law.)

_____

_____

_____

_____

_____

_____

_____

_____

GROUNDS FOR RELIEF - continued

_____

_____

_____

If you did not exhaust your state remedies on Ground Two, explain why.

_____

_____

_____

Ground Three_____

_____

_____

Supporting FACTS (Briefly summarize the facts without citing cases or law.)

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

If you did not exhaust your state remedies on Ground Three, explain why.

_____

_____

GROUNDS FOR RELIEF - continued

Ground Four_____

_____

_____

Supporting FACTS (Briefly summarize the facts without citing cases or law.)

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

If you did not exhaust your state remedies on Ground Four, explain why.

_____

_____

_____

V.   PRIOR FEDERAL CHALLENGES

A.  Have you previously filed any type of petition, application, or motion in a federal court regarding the state conviction that you are challenging in this petition?

        G Yes          G No

If yes, attach the decision(s) that resolved your prior federal court challenge and answer the following questions:

1.  Name of court _____

PRIOR FEDERAL CHALLENGES - continued

    2.  Docket or case number _____

    3.  Date of filing _____

    4.  Type of petition, application, or motion filed _____

    5.  Grounds raised _____

        _____

        _____

        _____

        _____

        _____

    6.  Did you receive a hearing where evidence was given on your petition, application, or motion?

        G Yes      G No

    7.  Result _____

    8.  Date _____

    9.  Did you appeal the action taken on your first federal petition, application, or motion to a federal court of appeals?

        G Yes      G No

     If yes, attach the decision(s) that resolved your appeal and answer the following questions:

        a.  Name of court _____

        b.  Docket or case number _____

        c.  Date of filing _____

        d.  Type of petition, application, or motion filed _____

        e.  Grounds raised _____

            _____

            _____

            _____

      f.  Result _____

      g.  Date _____

B.  Did you file a petition for certiorari in the United States Supreme Court?

    G Yes       G No

    If yes, attach the decision(s) that resolved your petition for certiorari and answer the following questions:

    1.  Date of filing petition for certiorari _____

    2.  Grounds raised _____

        _____

        _____

        _____

    3.  Result _____

    4.  Date _____

VI.  REPRESENTATION

A.  Give the name and address of each attorney who represented you in the following:

    1.  At preliminary hearing _____

        _____

    2.  At arraignment and plea hearing _____

        _____

    3.  At trial _____

        _____

    4.  At sentencing _____

        _____

    5.  On direct appeal _____

        _____

REPRESENTATION - continued

    6.  In any state post-conviction proceeding _____

           _____

    7.  On appeal from any ruling against you in a state post-conviction proceeding _____

           _____

           _____

VII.  <u>REQUEST FOR RELIEF</u>

State exactly what you want the court to do for you.

_____

_____

_____

_____

_____

VIII.  DECLARATION UNDER PENALTY OF PERJURY

I, the undersigned, hereby declare under penalty of perjury that the foregoing information is true and

correct.

Signed this _____ day of _____, 20 _____.

                                _____

                                Signature of Petitioner

                                _____

                                (Signature of lawyer, if any)

If you are signing the petition and are not the petitioner, state your relationship to the petitioner and explain
why the petitioner is not signing this petition.

_____

_____

_____

12

## IV.    GROUNDS FOR RELIEF

**GROUND ONE:**

Scott's defense counsel rendered ineffective assistance where he failed to seek suppression of inculpatory statements made during interrogation on the ground that the statements were made following Scott's invocation of his right to counsel.

*Supporting facts:*

Scott was charged with first degree intentional homicide for the October, 2012, shooting death of a man in a gas station parking lot. On November 6, 2012, Scott was arrested and brought to jail. During police interrogation Scott made inculpatory statements regarding his involvement in the shooting.

Prior to trial, defense counsel filed a motion to suppress Scott's statements to police on the ground that the statement was involuntary due to Scott's intoxication. After holding an evidentiary hearing, the circuit court denied the motion. The matter proceeded to trial where Scott was found guilty. Scott was later sentenced to a term of life imprisonment.

Per standard procedure in Wisconsin, Scott litigated during his direct appeal a claim of ineffective assistance of counsel. His appellate counsel argued that defense counsel should have argued for suppression of Scott's inculpatory statements on the alternative ground that Scott had invoked his right to counsel before making the

Attachment 1

inculpatory statements. The circuit court denied appellate counsel's postconviction motion without a hearing. Scott appealed.

In the court of appeals, appellate counsel abandoned the claim that Scott's statement was involuntary due to intoxication. Instead, he argued only that he sufficiently pled his claim that Scott's statement should be suppressed because he invoked his right to counsel.

The court of appeals affirmed the circuit court's dismissal of appellate counsel's postconviction motion because it failed to set forth a sufficient factual basis and it was clear that Scott's claim was meritorious under the law. Specifically, the court of appeals reasoned that for a claim of ineffective assistance it was necessary for Scott to set forth that he had informed counsel about the fact that he requested counsel. In addition, the court reasoned that the facts failed to show that Scott's request for counsel was meritorious because his request had come hours before he was interrogated, and the law did not clearly hold that such a request would be a violation of the Fifth Amendment. Accordingly, the court of appeals did not address the prejudice prong of Scott's ineffective assistance of counsel claim.

Scott sought review at the Wisconsin Supreme Court, again asserting his trial counsel's ineffectiveness. The supreme court did not grant review.

Attachment 2

**GROUND TWO:**

Scott's appellate counsel rendered ineffective assistance because he failed to sufficiently plead his claim of ineffective assistance about the deficiencies of defense counsel.

*Supporting facts:*

Scott would adopt the same supporting facts as set forth above in GROUND ONE to support this ground. Essentially, either appellate counsel sufficiently pled facts to support Scott's claim of ineffective assistance to entitle him to relief (i.e. the basis for relief in GROUND ONE), or to the extent appellate counsel should have pled additional facts or legal support to resolve the concerns of the court of appeals, appellate counsel was ineffective.

*Reason for not exhausting state remedies:*

Scott has yet to litigate the ineffectiveness of his appellate counsel in state court, but he intends to. On February 23, 2018, Scott was financially able to hire counsel to assist him in state-court postconviction proceedings. Prior to that time, Scott lacked sufficient resources to obtain counsel. Scott retained postconviction counsel to litigate, at least, an allegation of ineffective assistance of appellate counsel as set forth in GROUND TWO above. He will shortly be filing a motion for stay and abeyance of the instant proceedings to accommodate such state-court postconviction litigation.

Attachment 3